UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

JAMEL BROWN,

                  Plaintiff,

    -against-

CAPT. CARIELLO #536, Emergency Service
Unit; OFFICER SIMMONDS, Emergency Service
Unit; OFFICER # 15079, Emergency Service
Unit,[1]

               Defendants.

———————————————————————————X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ APR 2 3 2007 ★

BROOKLYN OFFICE

MEMORANDUM
AND ORDER
07-CV-01191 (DLI)

IRIZARRY, United States District Judge:

    Plaintiff, currently incarcerated at the Willard Drug Treatment Center,[2] brings this *pro se*

action pursuant to 42 U.S.C. § 1983 alleging negligent treatment by the emergency service

officers who transported him to Rikers Island on January 2, 2007. Plaintiff seeks damages of

$15,000.00. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915, but dismisses the complaint for the reasons set forth below.

    I.  Standard of Review

    In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se*

litigant must be construed liberally and interpreted "to raise the strongest arguments that they

---

    [1]The Emergency Service Unit provides "specialized equipment, expertise and support to the various units within the [New York City Police Department]. From auto accidents to building collapses to hostage situations, "ESU" officers are called on when the situation requires advanced equipment and expertise." See http://www.nyc.gov/html/nypd/html/pct/esu.html

    [2]While plaintiff was incarcerated at Rikers Island when he filed this action, it appears that he is now in custody at Willard Drug Treatment Center. Plaintiff is advised that it is his obligation to keep the court advised of his current mailing address.

suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## II. Background

Plaintiff's right ankle was fractured on November 2, 2006 at an unspecified location. Complaint at 3. His ankle was put in a cast and he was provided with crutches. Id. On January 2, 2007, plaintiff was transported from Rikers Island to the New York Supreme Court, Kings County, for an appearance in his criminal case. Id. Plaintiff alleges that while in the "holding pen" of the courthouse, just before the return trip to Rikers Island, the Emergency Service Unit, specifically, Officer #15079, removed plaintiff's cast and wrapping against plaintiff's wishes and re-wrapped plaintiff's leg and ankle. Id. Plaintiff was then escorted from the holding pen to the van for transport to Rikers Island. "[O]fficers placed a plastic milk crate for plaintiff to climb into back of E.S.U. transportation van. When plaintiff stepped on said milk crate, [it] . . . flipped from under plaintiff's foot holding and caused plaintiff to fall; ag[gra]vating and re-injuring [the] fractured bone in [his] right ankle." Id. Upon his return to Rikers, plaintiff was treated for the

2

new injury, i.e. "swelling and irritation," as well as the existing "hair line fracture" in his right ankle/leg." Id. at ¶ III. Plaintiff seeks $15,000.00 in damages and asks that this Court to "as[s]ure that this type of negligence will not occur[] in future dealings with said defendants." Id. at ¶ V.

III. Discussion

To state a viable 42 U.S.C. § 1983 claim, plaintiff must show that officials were acting under color of state law and that their actions deprived the plaintiff of a right guaranteed by the constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1980). An allegation of a wrong perhaps sufficient to state a remediable tort cause of action under state law does not automatically rise to the level of a constitutional deprivation simply because a defendant is the state or an agent of the state. Daniels v. Williams, 474 U.S. 327, 333 (1986) (due process protections are not triggered by lack of due care by state officials); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (although negligence of prison official led to prisoner's serious injury, constitution requires no procedure to compensate injury arising from negligence); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (Medical malpractice does not become a constitutional violation merely because the victim is a prisoner).

Construing plaintiff's complaint liberally, it is a § 1983 action by a pretrial detainee alleging that negligence on the part of state actors resulted in a deprivation of his "liberty" interests in freedom from bodily injury and personal security without due process of law. The Supreme Court has held that the protections of the Due Process Clause, whether procedural or substantive, are simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. Davidson, 474 U.S. at 347-48; Daniels, 474 U.S. at 333.

3

In the instant case, plaintiff's sole contention is that defendants were negligent. Because in any given § 1983 suit the plaintiff must prove a violation of the underlying constitutional right, and because merely negligent conduct is not sufficient to state a claim under the Due Process Clause, plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

IV. Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A. While the Court would ordinarily allow plaintiff an opportunity to amend the complaint, it declines to do so in this instance where amendment would be futile. The complaint is dismissed without prejudice to plaintiff's remedies under state law. The Clerk of Court is directed to mail this Order to plaintiff at: Mr. Jamel Brown, 03A2169, Willard Drug Treatment Center, P.O. Box 303, 7116 County Route 132, Willard, New York 14588. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

_____
Dora L. Irizarry
United States District Judge

Dated: Brooklyn, New York
April 26, 2007

4